UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN GIANNONE,

        Petitioner,

v.                                      Case Number 09-12149-BC
                                      Honorable Thomas L. Ludington

CHRISTOPHER ZYCH,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS**

      Petitioner Jonathan Giannone is currently confined at the Federal Correctional Institute in Milan, Michigan. He has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Petitioner represents that he was convicted of three counts of wire fraud, 18 U.S.C. §§ 1343, and two counts of aggravated identity theft, 18 U.S.C. § 1028A, in the United States District Court for the District of South Carolina, and was sentenced to sixty-five months imprisonment and three years of supervised release in 2007. Petitioner contends that he is being held in a higher security facility than warranted based upon hearsay from an unreliable jailhouse informant that he is a flight risk. Petitioner seeks a transfer to a minimum security facility within 500 miles of his family, which he believes will increase his chances for placement in a residential reentry center upon completion of the residential drug abuse program. Petitioner also seeks the removal of a management variable from his file. Petitioner represents that he has exhausted his administrative remedies.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. It is well-settled that prison classifications, assignments, and transfers are functions wholly within the discretion of the BOP. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Federal prisoners do not have a due process liberty interest in their classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Similarly, federal prisoners do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons. *Meachum*, 427 U.S. at 225. Prisoners also have no right to be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Caderno v. Thoms*, 50 F. App'x 200, 201 (6th Cir. 2002) (collecting cases).

The United States Court of Appeals for the Sixth Circuit has held that a federal inmate who challenges his security classification fails to state a cognizable claim upon habeas review. *See Bazuaye v. Bogan*, 19 F.3d 18 (table), 1994 WL 75895, at *2 (6th Cir. 1994) (citing *Olim*, 461 U.S. at 245, and *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992)). Because Petitioner challenges his prison classification in this action and seeks a prison transfer, he fails to state a claim upon which habeas relief may be granted under 28 U.S.C. § 2241. *See, e.g.*, *Hodges v. Eichenlaub*, No. 07-14874, 2008 WL 4298495, *1-2 (E.D. Mich. Sept. 18, 2008) (summarily dismissing similar § 2241 petition).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 3, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 3, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS