UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN GIANNONE,

        Petitioner,

                                          Case Number 09-12149-BC

v.                                        Honorable Thomas L. Ludington

CHRISTOPHER ZYCH,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT, GRANTING PETITIONER'S MOTION TO WITHDRAW NOTICE, AND GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 3, 2009, Petitioner Jonathan Giannone, who is currently confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his prison classification and seeking a transfer to a minimum security facility. On September 3, 2009, the Court dismissed the petition for failure to state a claim upon which habeas relief may be granted. Now before the Court is Petitioner's motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Although Petitioner refers to Rule 60(b), his motion actually seeks reconsideration of the Court's denial of his petition. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See, e.g.*, *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F.Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Eastern District of Michigan Local Rule 7.1(g)(3).

Further, even considering Petitioner's motion under Rule 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

While Petitioner relies upon Rule 60(b)(6), that subsection has been interpreted narrowly and permits relief only in "extraordinary circumstances." *See Liljeberg v. Health Svs. Acquisition Corp.*, 486 U.S. 847, 863-64, (1988); *Abdur'Rahman v. Bell*, 493 F.3d 738, 741 (6th Cir. 2007). No such circumstances are present here. As explained in the Court's order of dismissal, Petitioner challenges his prison classification and seeks a prison transfer and thus fails to state a claim upon which habeas relief may be granted under 28 U.S.C. § 2241. Thus, he is not entitled to relief from judgment and his motion will be denied.

Also before the Court is Petitioner's motion to withdraw notice [Dkt. # 7]. After the Court entered judgment against Petitioner on September 3, 2009, Petitioner filed a notice of dismissal on or about September 8, 2009. Apparently, he had not yet received a copy of the Court's order of dismissal when he filed his notice of dismissal. Thus, on September 14, 2009, he filed the instant

motion seeking to withdraw his notice of dismissal.  Given the Court's dismissal of the petition, Petitioner's notice of dismissal is moot and the Court will grant Petitioner's motion to withdraw it.

Finally, Petitioner's application to proceed in forma pauperis on appeal [Dkt. # 11] is also before the Court.  Having reviewed the application and financial information, the Court will grant Petitioner's application to proceed in forma pauperis on appeal.

Accordingly, it is **ORDERED** that Petitioner's motion to vacate judgment [Dkt. # 10] is **DENIED**.

It is further **ORDERED** that Petitioner's motion to withdraw notice [Dkt. # 7] is **GRANTED**.  Petitioner's notice of dismissal [Dkt. # 6] is **WITHDRAWN**.

It is further **ORDERED** that Petitioner's application to proceed in forma pauperis on appeal [Dkt. # 11] is **GRANTED**.

        s/Thomas L. Ludington  
        THOMAS L. LUDINGTON  
        United States District Judge

Dated: October 20, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2009.

        s/Tracy A. Jacobs  
        TRACY A. JACOBS